No. 134.—G. W. BANCKER & Co. *v.* M. MARTI and WALTERS & ELDER.

Where the original answer of the defendants admits that there was a sale and transfer of the goods from the plaintiffs to defendants, and the question at issue between the parties is, was the transfer legitimate, as alleged by plaintiffs, or fraudulent, as alleged by defendants, an amended answer alleging that there was no sale, will not be permitted after the cause is fixed for trial. Such amendment being calculated to change the issue raised by the original answer.

If the verdict of the jury is not responsive to the pleadings and the evidence in the record the cause will be remanded with instructions to try the issues raised by the pleadings.

APPEAL from the Tenth District Court, parish of Caddo. *Levisee, J. Duncan & Moncure,* for plaintiffs and appellants. *Land & Taylor* and *Egan, Williamson & Wise,* for defendants and appellees.

This case was tried by a jury in the court below

WYLY, J. This case was before this court at Natchitoches in August, 1869, and was remanded as to Walters & Elder, because that part of the verdict of the jury which said there was no sale to the firm of Walters & Elder by Marti contradicted the answer of said firm which admitted there was a sale. It was remanded that the character of the sale might be determined, that it might be ascertained whether the transfer was legitimate, as alleged by Walters & Elder, or whether fraudulent, as alleged by the plaintiffs, the creditors of Marti. 21 An. 587.

The plaintiffs have now appealed from a judgment on a verdict in favor of the defendants, Walters & Elder, based on almost the same evidence that was introduced at the first trial.

Our attention is directed to a bill of exceptions taken by the plaintiffs to the ruling of the court in allowing the defendants, Walters & Elder, to file the following amendments to their original answer, after the cause had been remanded for a new trial, to wit: "Now come the defendants, Walters & Elder, a commercial firm, and beg leave of the court to amend their original answer filed in this case, and allege that the purchases of goods by the said firm of Walters & Elder from Marti, or Marti & Bradley, mentioned in their answer heretofore filed, have no connection or relation whatever to the sale of the goods in dispute and controversy in this case; and aver that neither the sale of the goods in dispute in this cause, nor any part of them, was ever made by Marti to the said firm of Walters & Elder; and further aver that the firm of Walters & Elder purchased said goods in good faith from the vendee of the said Marti, and that the creditors of Marti, or Marti & Bradley have no right of action against said firm of Walters & Elder."

The court admitted this amendment, being of opinion that it was not contradictory of the original answer, but served to explain its meaning. We think the averment "that neither the sale of the goods

in dispute in this cause, nor any part of them, was ever made by Marti to said Walters & Elder," is a plain contradiction of the original answer which expressly admitted the sale, but averred that it was a legitimate and ordinary transfer.

We think the judge erred in permitting the amendment to be made, the sole issue for the jury to determine being as to the character of the sale which Walters & Elder admitted was made to them by Marti. The bill of exceptions was well taken. An examination of the record satisfies us that the verdict of the jury in favor of Walters & Elder is not sustained by the evidence. We think that justice requires the cause to be remanded in order that it may be determined whether the sale from Marti to Walters & Elder was fraudulent, as alleged by the plaintiffs.

It is therefore ordered that the judgment of the court below be avoided and annulled, and that this cause be remanded for new trial according to law, on the issue, was the sale from Marti to Walters & Elder a fraudulent one, and should the plaintiffs recover against them, as prayed for in their petition. It is further ordered that the appellees pay costs of this appeal.